IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 96-40567
Summary Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

RALPH COLE,

                                        Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Texas
USDC No. C-95-356
- - - - - - - - - - -
July 23, 1998

Before WISDOM, WIENER, and DENNIS, Circuit Judges.

PER CURIAM:[*]

     A jury convicted Ralph Cole of conspiracy to possess with
intent to distribute more than 100 kilograms of marihuana, and
possession with intent to distribute an additional 85 kilograms
of marihuana.  The district court imposed concurrent 84-month
terms of imprisonment, to be followed by concurrent four-year
terms of supervised release.  We affirmed Cole's conviction on
direct appeal.  Cole then filed a motion to vacate, set aside, or
otherwise correct his sentence under 28 § 2255.  The district
court denied Cole's motion, and Cole appeals.  We affirm.

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Cole argues that he received ineffective assistance of counsel on direct appeal.  We hold that he has not made the requisite showing of both deficient performance and prejudice. Strickland v. Washington, 466 U.S. 668, 687 (1984).

Cole argues that the prosecution knowingly used false testimony at trial.  There is no merit to this argument.  He cannot make the requisite showing that the statements he contends were false were actually false, that they were material, and that the prosecution knew they were false.  United States v. O'Keefe, 128 F.3d 885, 893 (5th Cir. 1997), cert. denied, ___ U.S.L.W. ___, 1998 WL 130816 (April 20, 1998) (No. 97-1542).

Next, Cole argues that the prosecution violated his right against self-incrimination, denied Cole a presumption of innocence, shifted the burden of proof, and denied Cole the right to confront the evidence and cross examine witnesses by making improper comments during closing argument.  The comments Cole challenges were not inappropriate.  They were proper inferences and conclusions the prosecutor wished the jury to draw from the evidence.  United States v. Washington, 44 F.3d 1271, 1278 (5th Cir. 1995).  Cole also argues that the prosecutor placed the credibility of Cole's defense counsel at issue and impugned the integrity of the defense during closing argument.  Again, the comments Cole challenges were not inappropriate.  A prosecutor is allowed to comment on the failure of the defense to counter or to adequately explain the evidence.  See United States v. Borchardt, 809 F.2d 1115, 1119 (5th Cir. 1987).  Cole argues that the prosecution improperly characterized the evidence during closing

argument.  The record does not support this challenge.  Cole contends that the prosecutor improperly referred to victims of the community when there was no evidence that there were victims of the crimes charged against Cole.  The comment was a proper appeal to the jury to act as the conscience of the community.  See United States v. Fields, 72 F.3d 1200, 1208 (5th Cir.), cert. denied, 117 S. Ct. 48 (1996).  Cole argues that the prosecution improperly vouched for the credibility of certain Government witnesses during closing argument.  The comments challenged by Cole were proper responses to the defense's attack on the truthfulness of the Government witnesses.  See United States v. Thomas, 12 F.3d 1350, 1367 (5th Cir. 1994).

Finally, Cole argues that the evidence was insufficient to support his conviction in light of the errors he has alleged.  Because Cole raised on direct appeal the issue of the sufficiency of the evidence supporting his conviction, he is barred from raising it in his § 2255 proceedings.  See United States v. Kalish, 780 F.2d 506, 508 (5th Cir. 1986).

AFFIRMED.